IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROMAN KREMMER, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-08-306-KEW
 )
ALBERTO R. GONZALEZ, )
Attorney General of the )
United States; )
MICHAEL CHERTOFF, Secretary )
of the Department of Homeland )
Security; )
EMILIO T. GONZALEZ, )
Director U.S. Citizenship )
and Immigration Services; )
DAVID ROARK, )
District Director, U.S. )
Citizenship and Immigration )
Services; )
JOSE R. OLIVARES, U.S. )
Citizenship and Immigration )
Services Field Office )
Director; and )
ROBERT S. MUELLER, III, )
Director of the Federal )
Bureau of Investigation, )
 )
 Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction or in the Alternative Motion to Remand (Docket Entry #26) and Defendants' Motion to Dismiss Because Administrative Denial of Application Renders Case Moot (Docket Entry #42). Plaintiff has responded to both Motions. Plaintiff initiated this action *pro se* on August 15, 2008 with the filing of a document entitled "Petition for Hearing on Naturalization Application/Naturalization Oath Ceremony Under 8 U.S.C. § 1447(b)."

The basis for the case is stated in this Petition as "for a hearing to decide Plaintiff's naturalization application before this Court pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b) due to Defendants' failure to make a determination on Plaintiff's application for naturalization within 120 days after the initial examination."

Plaintiff alleges he is a citizen of the former Czechoslovakia and has been a permanent resident of the United States since 1987, residing in Hulbert, Oklahoma. Plaintiff states he filed his Application for Naturalization with the USCIS on November 27, 2001 and was first examined in August of 2002. He alleges he passed the required examinations and a fingerprint check came back with no record from the FBI.

Plaintiff contends he received a letter scheduling him to go through a naturalization ceremony on December 6, 2002. However, during the ceremony, Plaintiff asserts he was told he could not be given a citizenship certificate. No reason was given.

Plaintiff continued to check on the status of his application between January of 2003 and August of 2008, but was told the FBI name check was still pending. Defendants allegedly requested and received Plaintiff's fingerprints three times over six years.

On August 1, 2008, Plaintiff received a letter from the USCIS office in Oklahoma requesting an additional naturalization interview on August 5, 2008. However, USCIS cancelled the

interview with no reason provided.

On August 12, 2008, Plaintiff alleges he visited the USCIS field office in Oklahoma, requesting a new interview be scheduled. The request was denied. Plaintiff was told the FBI name check had been pending with the FBI since December of 2002.

Plaintiff states he has met all of the eligibility requirements to become a naturalized citizen of the United States. He further contends Defendants are in violation of immigration laws by failing to make a determination on Plaintiff's naturalization application within the 120 day period after the initial examination.

In relief, Plaintiff requests that this Court adjudicate his naturalization application. Alternatively, Plaintiff requests that the matter be remanded with an order requiring Defendants to immediately adjudicate his naturalization application.

This Court will address the second Motion to Dismiss in the first instance, since it reflects the most recent change in status of Plaintiff's application. This Court acknowledges that Plaintiff retained counsel to represent him in this case on February 4, 2009. Counsel filed the response on behalf of Plaintiff to this second Motion to Dismiss.

In the latest Motion, Defendants contend the USCIS continued to review Plaintiff's application for naturalization during the pendency of this case. On January 21, 2009, the USCIS issued a

decision denying Plaintiff's application for lack of good moral character based on false testimony and unlawful acts. Defendants contend Plaintiff's case is now moot because (1) he has received the relief he originally sought and there is no longer a pending case or controversy; (2) he can only challenge the action taken by USCIS through this Court after he has exhausted his administrative remedies by requesting a hearing before an immigration officer.

In response, Plaintiff, through his counsel, contends the USCIS was divested of jurisdiction to issue the decision denying his application. As a result, that agency's decision is a nullity. Plaintiff requests that this motion for dismissal be denied.

As Defendants cite in their reply, different courts have viewed the exclusivity of jurisdiction under 8 U.S.C. § 1447(b) differently. *Cf.* United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004); Etape v. Chertoff, 497 F.3d 379 (4th Cir. 2007)(both finding exclusive jurisdiction with the district court once an action has been initiated) *with* Xie v. Mukasey, 575 F.Supp.2d 963 (E.D. Wis. 2008); Perry v. Gonzales, 472 F.Supp.2d 623 (D. N.J. 2007); Bustamante v. Chertoff, 533 F.Supp.2d 373 (S.D.N.Y. 2008); Farah v. Gonzales, 2006 WL 1116526, 1-2 (D. Minn. 2006)(all finding concurrent jurisdiction over a pending application between USCIS and district court).

It would appear concurrent jurisdiction would more fully accomplish the goals of the Immigration and Naturalization Act and

4

Plaintiff, for that matter, in obtaining the most expeditious ruling upon his naturalization application while insuring compliance with the United States' immigration laws. Moreover, nothing in the language of 8 U.S.C. § 1447(b) appears to vest exclusive jurisdiction in the district court when Congress clearly could have done so.

However, in an effort to avoid multiple appeals and further delay, this Court finds the most appropriate manner for Plaintiff to achieve his stated goal of receiving a determination on his application and permitting the Executive Branch charged with protecting and maintaining this country's borders is to consider and grant Defendants' previously filed request to remand this case for consideration by the USCIS. The effective statute specifically provides for this Court to remand Plaintiff's application to USCIS with appropriate instructions to determine the matter. 8 U.S.C. § 1447(b). Therefore, Plaintiff's application will be remanded for a determination. Since the procedures to challenge any determination requires the exhaustion of administrative remedies before an applicant may lodge an appeal of a ruling, this action shall not remain pending in this Court while the USCIS considers Plaintiff's application.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction (Docket Entry #26) and Defendants' Motion to Dismiss Because Administrative Denial of Application Renders Case

Moot (Docket Entry #42) are hereby **DENIED**.

IT IS FURTHER ORDERED that Defendants' Alternative Motion to Remand (Docket Entry #26) is hereby **GRANTED**. Consideration of Plaintiff's immigration application is remanded to the USCIS for a determination within sixty (60) days of the entry of this Opinion and Order. The Clerk is directed to close this case.

IT IS SO ORDERED this 30th day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE